IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| A.M.C., by her next friend, C.D.C., et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN SMITH, in his official capacity as Deputy Commissioner of Finance and Administration and Director of the Division of TennCare, <br><br> Defendant. | Civil Action No. 3:20-cv-00240 <br><br> Class Action <br><br> Chief Judge Crenshaw <br> Magistrate Newbern |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR A PRELIMINARY INJUNCTION AND CLASS CERTIFICATION**

Plaintiffs' do not oppose Defendant's January 19, 2021 Motion for Leave to File a Supplemental Brief (the "Supplemental Brief") in Opposition to Plaintiffs' Motions for a Preliminary Injunction and Class Certification (the "Motion for Leave"), ECF No. 99, provided that the Court grants Plaintiffs an opportunity to respond to the Supplemental Brief. Defendant does not oppose Plaintiffs' request. *Id.* at 2. In addition, Plaintiffs respectfully request that the Court grant Plaintiffs adequate time to discover the new evidence on which Defendant relied in its Supplemental Brief, which is currently the subject of a motion to compel that will be fully briefed by March 10, 2021. Plaintiffs cannot fully respond to the Supplemental Brief without this discovery.

Because Defendant aims through his Supplemental Brief "to bring to the Court's attention" a factual development that arose "after briefing concluded on both motions," *id.* at 1, Plaintiffs should have an opportunity to respond. *Cf. Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 482 (6th Cir. 2003) (reversing summary judgment where district court deprived plaintiff "adequate opportunity to respond to the new evidence" submitted in defendant's reply brief); *Tiger Lily LLC v. U.S. Dep't*

*of Hous. & Urban Dev.*, 2020 WL 7682546, at *3 (W.D. Tenn. Oct. 26, 2020) (striking supplemental brief on preliminary injunction motion where opposing party lacked opportunity to respond); *Hunt v. Metro. Life Ins. Co.*, 2013 WL 1800413, at *1 n.1 (E.D. Mich. Apr. 29, 2013) (rejecting defendant's supplemental brief where plaintiff "was denied the opportunity to respond"), *aff'd*, 587 F. App'x 860 (6th Cir. 2014); *Bruseloff v. Punita Leathers, Inc.*, 2007 WL 851870, at *7 (E.D. Mich. Mar. 21, 2007) (discounting arguments defendant "presented in a supplemental brief, to which plaintiff has not had the opportunity to respond").

In addition, the parties currently disagree on the scope of appropriate discovery necessary to fully respond to Defendant's Supplemental Brief, and this issue will be subject to briefing before Magistrate Judge Newbern. Specifically, the Supplemental Brief describes "extensive" and "substantial" documentation Defendant submitted to the Centers for Medicare & Medicaid Services ("CMS") through CMS's Medicaid Eligibility and Enrollment Toolkit (the "MEET Toolkit") for compliance review of the Tennessee Eligibility Determination System ("TEDS"). ECF No. 99-1, at 3–4. For months, Plaintiffs repeatedly requested documents Defendant submitted to CMS pursuant to the MEET Toolkit, but Defendant withheld many of them on relevance grounds. *See* Joint Statement of Discovery Progress 11–12, ECF No. 100 (Jan. 27, 2021). Now Defendant argues that CMS's certification of TEDS—based in large part on documents Defendant submitted through the MEET Toolkit—"*affirmatively refutes*" and "forecloses Plaintiffs' central contention that TEDS is systemically flawed." *Id.* at 1, 8; *see also* Suppl. Br. Ex. 2, at 1–2, ECF No. 99-3 (CMS Certification Review Report describing "evidence provided for MEET"). Defendant has thus confirmed that documents related to the MEET Toolkit are relevant to the claims and defenses in this action.

The motion to compel will be fully briefed by March 10, 2021, pursuant to Magistrate Judge Newbern's schedule. Order, ECF No. 101 (Jan. 29, 2021). Accordingly, if the Court grants

2

Defendant's Motion for Leave, Plaintiffs request that the Court schedule their deadline to respond to the Supplemental Brief after Magistrate Judge Newbern rules on their motion to compel.

| | | |
|---|---|---|
| Dated: February 1, 2021 | By: | /s/ *Catherine Millas Kaiman* |

Michele Johnson TN BPR 16756
Gordon Bonnyman, Jr. TN BPR 2419
Catherine Millas Kaiman, FL Bar 117779
Vanessa Zapata, TN BPR 37873
Laura Revolinski, TN BPR 37277
TENNESSEE JUSTICE CENTER
211 7th Avenue North, Suite 100
Nashville, Tennessee 37219
Phone: (615) 255-0331
Fax: (615) 255-0354
gbonnyman@tnjustice.org
ckaiman@tnjustice.org
vzapata@tnjustice.org
lrevolinski@tnjustice.org

Jane Perkins (*pro hac vice*)
Elizabeth Edwards (*pro hac vice)*
Sarah Grusin (*pro hac vice*)
NATIONAL HEALTH LAW PROGRAM
200 N. Greensboro St., Ste. D-13
Carrboro, NC 27510
Phone: (919) 968-6308
perkins@healthlaw.org
edwards@healthlaw.org
grusin@healthlaw.org

Gregory Lee Bass (*pro hac vice*)
NATIONAL CENTER FOR LAW
AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
Phone: (212) 633-6967
bass@nclej.org

Faith Gay (*pro hac vice*)
Jennifer M. Selendy (*pro hac vice*)
Andrew R. Dunlap (*pro hac vice*)
Amy Nemetz (*pro hac vice*)
Babak Ghafarzade (*pro hac vice*)
SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Phone: (212) 390-9000
fgay@selendygay.com
jselendy@selendygay.com
adunlap@selendygay.com
anemetz@selendygay.com
bghafarzade@selendygay.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document is being served via the Court's electronic filing system on this 1st day of February, 2021, on all counsel of record.

<u>/s/ Catherine Millas Kaiman Fl Bar 117779</u>
*On Behalf of Counsel for Plaintiffs*
