# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| A.M.C., by her next friends, C.D.C., et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN SMITH, in his official capacity, <br><br> Defendants. | Civil Action No. 3:20-cv-00240 <br><br> Class Action <br><br> Judge Crenshaw <br> Magistrate Newburn |

### Declaration of Gordon Bonnyman
### in Support of Plaintiffs' Motion for Class Certification

Gordon Bonnyman declares as follows:

1. I am one of the attorneys who represent the named plaintiffs and who seek to represent the Plaintiff Class and Disability Subclass in the above-captioned case.

2. I have been a member of the bar of Tennessee since 1972. I have been a member of the bar of the District Court for the Middle District of Tennessee since March 30, 1973. I was a staff attorney with the Legal Aid Society of Middle Tennessee (formerly Legal Services of Middle Tennessee, Inc.) from 1973 until January, 1996. Since January, 1996, I have practiced as a full-time attorney at the Tennessee Justice Center (TJC). I have been actively engaged in the full time practice of law in Tennessee since 1973, with the exception of a total of about one year spent working for separate legal aid/human rights programs in the Occupied West Bank of the Jordan River and in Eastern Europe. My practice has involved a broad spectrum of civil litigation at all levels of both state and federal courts.

3. The Tennessee Justice Center (TJC) is a private, nonprofit tax-exempt Tennessee corporation established in 1996 to provide free legal assistance in civil matters to indigent residents of Tennessee. The Center receives no federal funds and is funded primarily by

charitable donations and foundation grants. Clients served by TJC are indigent and are therefore unable to pay any fees for the services rendered. Leaders of Tennessee bar organizations founded TJC specifically to handle complex class actions and other matters that federally funded Legal Services and Legal Aid organizations were barred by Congress from handling after 1996.

4. I and my colleagues at TJC have extensive litigation experience representing plaintiffs in complex health law cases, most of which have been certified as class actions. See, e.g., *Newsom v. Vanderbilt University*, 453 F. Supp. 403 (M.D. Tenn. 1978); *Doe v. HCA Health Services of Tennessee, Inc., d/b/a HCA Donelson Hospital*, 46 S.W. 3d 191 (Tenn. 2001); *Winkler v. Interim HealthCare*, 36 F. Supp. 2d 1026 (M.D. Tenn. 1999)

5. Since 1980, much of my health-related practice has been in the area of Medicaid. See, e.g., *Jennings v. Alexander*, 517 F.Supp. 87 (M.D. Tenn. 1982) rev'd in part 715 F. 2d 1036, aff'd sub. nom. *Alexander v. Choate*, 469 U.S. 287, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985); *Gibson v. Puett*, 630 F. Supp. 542 (M.D. Tenn. 1985); *Mrs. X b/n/f Anthony v. Commissioner*, No. 3-88-0516 (M.D. Tenn. 1988), published in CCH Medicare and Medicaid Guide ¶ 37,592; Doe v. Word, No. 3-84-1260 (M.D. Tenn. 1987) published in CCH Medicare and Medicaid Guide, ¶ 36,076; *Clay County Manor, Inc. v. Tennessee*, 849 S.W.2d 755 (Tenn. 1993); *Linton v. Commissioner*, 779 F. Supp. 925 (M.D. Tenn. 1990), affd. on other grounds 65 F3d 508 (6th Cir. 1995), cert. den. sub. nom. *St. Peter Villa v. Linton*, 517 U.S 1155, 134 L.Ed.2d 646 (1996); *Brewster v. White*, 3-91-1066 (M.D. Tenn. 2005.); *Tenn. Assoc. of Health Maintenance Organizations, Inc. v. Grier*, 262 F.3d 559 (6th Cir. 2001); *Rosen v. Tenn. Comm'r of Fin. & Admin.*, 204 F. Supp. 2d 1061 (M.D. Tenn. 2001), rev'd in part and affirmed in part, 288 F.3d 918 (6th Cir. 2002) *Rosen v. Tenn. Comm'r of Fin. & Admin.*, 204 F. Supp. 2d 1061 (M.D. Tenn. 2001), *Rosen v. Tenn. Comm'r of Fin. & Admin.*, 280 F. Supp. 2d 743 (2002).; *Rosen v. Goetz*, 410 F.3d 919 (6th Cir. 2005); *John B. v. Menke*, 176 F. Supp. 2d 786 (M.D. Tenn. 2001); J*ohn B.*

2

*v. Goetz*, 626 F.3d 356 (6th Cir. Tenn., 2010); *John B. v. Emkes*, 852 F.Supp. 2d 944 (M.D. Tenn. 2012); *John B. v. Emkes*, 852 F. Supp. 2d 957 (M.D. Tenn. 2012); John B. v. Emkes, 710 F.3d 394 (6th Cir. 2013); Wilson v. Gordon, 822 F.3d 934 (6th Cir. 2016).

6. I am a Fellow of the American College of Trial Lawyers, where I formerly served on the Federal Civil Procedure Committee. I have extensive experience handling other complex class actions outside the health care area. Please see, for example, *Grubbs v. Bradley*, 552 F.Supp 1052 (M.D. Tenn. 1982), 870 F.2d 343 (6th Cir. 1989), 821 F.Supp. 496 (M.D. Tenn. 1993).

7. I have testified on Medicaid law and policy before congressional committees, as well as before legislative committees in Tennessee and other states. I have lectured on Medicaid/TennCare before national audiences, including the National Association of Medicaid Directors, the National Health Lawyers Association, the National Health Policy Forum of Georgetown University, the Council for Economics and Health Care, the National Conference of State Legislatures and the National Academy for State Health Policy.

8. I have written extensively on Medicaid law and health policy, including, e.g., Bonnyman, G. and Johnson, M., "Unseen Peril: Inadequate Enrollee Grievance Protections in Public Managed Care Programs", 65 *Tennessee Law Review* 359 (Winter 1998); Bonnyman, G., "Update: Stealth Reform: Market-based Medicaid in Tennessee", *Health Affairs* 15, no. 2 (1996): 306-314; Bonnyman, G., "Tennessee's Use of Provider Donations and Taxes to Finance Its Medicaid Program", in Miller, V., ed., *Medicaid Provider Tax and Donation Issues* (Washington: 1992); Thorne, J., Bonnyman, G., et al.,"State Perspectives on Health Care Reform: Oregon, Hawaii, Tennessee and Rhode Island," 16 *Health Care Financing Review* 121-138 (1995); Bonnyman, G., "Deciding who Swims with the Sharks: Boren Amendment Litigation", 26 *Clearinghouse Review* 302305(1992); Bonnyman, G., "Guiding the Elderly through Medicaid's Serbonian Bog", 26 *Tennessee Bar Journal* 16-24(1990); Bonnyman, G., "Medicaid Eligibility in

3

a Time Warp: The Pickle Amendment", 22 *Clearinghouse Review* 120-124(1988); Bonnyman, G. and Robertson, A., "Making the Medicaid Spend-Down Program Work: A Partnership of Community Education and Administrative Advocacy", 21 *Clearinghouse Review* 104-112(1987); Bonnyman, G., "Dynamic Conservatism and the Demise of Title VI", 48 *Saint Louis University Law Journal* 61 – 73 (2003).

9. I served as a member of the National Review Committee of the Center for Health Care Strategies, a non-profit organization in Princeton, NJ, which is affiliated with the Robert Wood Johnson and the Annie E. Casey Foundations. CHCS provides technical assistance to state Medicaid managed care programs and to managed care organizations serving Medicaid populations. I have been appointed by Tennessee Governors and Medicaid Directors to serve on a number of different committees or commissions to evaluate and provide recommendations regarding the design or administration of the Medicaid and TennCare programs. These have included the Tennessee Governor's Advisory Committee on Indigent Care (1987-1989); the Tennessee Governor's Medicaid Task Force (1992-1994); the Tennessee Governor's TennCare Roundtable (1995-1996); the TennCare Steering Committee (1998-2000) and Governor Bredesen's TennCare Transition Advisory Committee (2003).

10. The Tennessee Justice Center has committed to assuring the resources needed to represent the class and will continue to work with other class counsel to competently investigate claims and issues as they arise in this case.

I declare, pursuant to 28 U.S.C. 1746 and under the penalty of perjury, that the foregoing statements in this affidavit are true and correct. Executed on March 20, 2020, in Nashville, Tennessee.

                                                s/Gordon Bonnyman
                                                Gordon Bonnyman

4

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served via the Court's electronic filing system on this 12th day of November, 2021 on the following counsel for Defendant:

Ms. Sue A. Sheldon, Senior Assistant Attorney General
Mr. Jeffrey L. Wilson, Assistant Attorney General
Meredith W. Bowen, Assistant Attorney General
Matthew P. Dykstra, Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202
Sue.Sheldon@ag.tn.gov
logan.wilson@ag.tn.gov
mbowen@ag.tn.gov
matthew.dykstra@ag.tn.gov

Mr. Michael Kirk
Ms. Nicole Moss
Mr. Harold S. Reeves
Mr. J. Joel Alicea
Mr. William V. Bergstrom
COOPER & KIRK, PLLC
1523 New Hampshire Avenue,
NW Washington, D.C. 20036
mkirk@cooperkirk.com
nmoss@cooperkirk.com
hreeves@cooperkirk.com
jalicea@cooperkirk.com
wbergstrom@cooperkirk.com

                                                        */s/ Catherine Millas Kaiman*
                                                        *On Behalf of Counsel for Plaintiffs*