UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| A.M.C., by her next friend, C.D.C., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:20-cv-00240 |
| | ) |
| STEPHEN SMITH, in his official | ) |
| capacity as Deputy Commissioner of | ) |
| Finance and Administration and Director | ) |
| of the Division of TennCare, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Previously, the Court certified 15 specific questions common to the class related to Plaintiffs' claims relative to TennCare's constitutional and statutory obligations before terminating a person's healthcare coverage. (Doc. No. 234 at 11–22). Pending is Defendant's Motion for Summary Judgment seeking dismissal only on those 15 certified class action questions (Doc. No. 308), which the parties have fully briefed (Doc Nos. 309, 312, 324). As is clear to the Court and, no doubt, the parties, genuine disputes of material fact pervade the certified questions. For the following reasons, the Court will deny Defendant's Motion (Doc. No. 308).

The case is rife with genuine disputes of material fact. As the parties are well aware, summary judgment is appropriate only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendant, as the movant, "has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts," Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003), either by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of

evidence to support the non-moving party's case. Id. Simply put, Defendant has not met that burden. Reviewing all the evidence, facts, and inferences in the light most favorable to Plaintiffs, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), the Court cannot resolve the certified questions in Defendant's favor.

Take, for example, the very first question certified by the Court: "whether the stock citation in Defendant's NODs violates Defendant's obligations under the Medicaid Act and the Fourteenth Amendment." (Doc. No. 234 at 13). Foundational to its arguments is Defendant's assertion that "every NOD [terminating or denying coverage] included a short explanation of precisely why an individual was ineligible." (Doc. No. 309 at 5). However, Plaintiffs marshal evidence undercutting this premise. (Doc. No. 313 ¶ 41). As Plaintiffs' evidence demonstrates, certain reasons for denial lack any accompanying explanation, (Doc. No. 311-12 at 20), and others are accompanied by explanations so vague that they cannot be considered at all "precise." (Id. at 6, 10, 15). This leaves open how these notices could accurately inform a person of the basis for their termination or permit them to adequately prepare for an appeal hearing, as Defendant admits they must. (Doc. No. 309 at 8 (citing Hamby v. Neel, 368 F.3d 549, 562 (6th Cir. 2004))).

Other factual disputes affect other certified questions. Consider the certified questions regarding the good cause exception and good cause hearings. (See Doc. No. 234 at 13 n.5, 18 n.10). The thrust of Defendant's argument is straightforward: "[TennCare] is open to good cause requests and places a thumb on the scale in favor of granting good cause to an appellant." (Doc. No. 309 at 12). Defendant hinges this argument on the notion that "every appeal is reviewed to see if it qualifies for the 'good cause exception.'" (Id. at 11). But, according to Plaintiffs' evidence, this is simply untrue. (Doc. No. 313 ¶ 73). Plaintiffs' evidence demonstrates that TennCare's legal review staff decide whether an individual has good cause for filing a late appeal

only if the individual alleges that they qualify for the exception. (Id.). But the TennCare Eligibility Appeal Form (Doc. No. 315-17) does not prompt appellants to make such allegation if they believe they qualify. (See id. at 1–2). Those whose appeals are rejected as untimely receive incomplete information on the availability of the exception and seemingly contradictory instructions on how to pursue their second appeal. (See Doc. No. 311-14 at 34 ("Do you have a health, mental health, or learning problem, or a disability? And did that problem make it hard for you to file your appeal on time? Or did something very bad happen to you or a close family member (like a serious illness or death)? If so, tell us in writing why you could not file your appeal on time. If we agree, your appeal may be reopened. Be sure to keep the originals for your records. Send us a copy.")). Construing the evidence in the light most favorable to Plaintiffs, the Court cannot agree that TennCare has met its obligations to afford its appellants "ample opportunity to present their reasons for filing the hearing request late." (Doc. No. 309 at 12 (quoting Hilmes v. Sec'y of Health & Human Servs., 983 F.2d 67, 70 (6th Cir. 1993))). Plaintiffs evince Defendant's review may be no real review at all.

Defendant also seeks summary judgment on certified questions that it acknowledges are, in its own words, "purely factual." (Doc. No. 309 at 21). Those questions are whether TennCare systematically fails to provide fair hearings at any time, whether Defendant considers all categories of eligibility before terminating enrollees' coverage, and—assuming TennCare fails to consider all categories of eligibility—whether TennCare's notices unlawfully mislead TennCare recipients. (Doc. No. 309 at 21–22, 21 n.1). According to Defendant, "TennCare regularly sends appeals to hearings" and "Plaintiffs can point to no evidence to the contrary." (Doc. No. 309 at 21). But Defendant's evidence to support this notion is tangential at best, (see Doc. No. 313 ¶ 71 (relying exclusively on the fact that, between January 1, 2023, and June 27, 2023, "TennCare had 95

3

termination appeals go to hearings and receive an order.")), and Plaintiffs evidence raises significant doubts about the TEDS' and TennCare's review processes. (See Doc. No. 313 ¶¶ 21–27). Again, these "purely factual" disputes—and the certified questions they concern—can only be resolved at trial.

The Court need not march through each certified question when it will address them fully in its opinion after trial. Defendant and its counsel are far too sophisticated to expect the instant motion be granted on this hotly contested record. No doubt, for this reason, Defendant made no attempt to address the many factual disputes in its reply brief. (See generally Doc. No. 324). For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. No. 308) is **DENIED**. To the extent that Defendant's Motion (Doc. No. 308) and accompanying memorandum (Doc. No. 309) raise legal arguments that were not settled in the Court's prior Order (Doc. No. 234), the Court **RESERVES** judgement on them at this time.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE