# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

A.M.C., et al.,       )
            )
  Plaintiffs,      )
            )
v.            )  NO. 3:20-cv-00240
            )
STEPHEN SMITH,     )
            )
  Defendant.      )

## ORDER

In this class action, Plaintiffs alleged that TennCare's policies and practices caused thousands of Tennesseans to lose their healthcare coverage, largely due to problems surrounding TennCare's computerized Eligibility Determination System ("TEDS").[1]  Following a five-day bench trial on liability, the Court issued a Memorandum Opinion on August 26, 2024.  (Doc. No. 412).  The Court made detailed findings of fact and conclusions of law, and held that:

- TennCare, through programming errors and design defects in TEDS, failed to consistently consider all eligibility categories when making eligibility determinations by ignoring necessary information in TennCare's—if not TEDS—possession. Because the categories TennCare constructively closed off to its enrollees included disability related categories, TennCare violated the ADA.

- TennCare's notices stating that it considered all bases of eligibility, all program rules, and all facts in determining eligibility were misleading.

- TennCare violated both the Medicaid Act and Due Process Clause by sending enrollees NODs citing to a 95-page compendium of TennCare regulations to support its termination decisions.

- TennCare violated the Due Process Clause by omitting from its NODs information regarding the Good Cause Policy and 90-day reconsideration period, respectively.

---

[1] TennCare is Tennessee's Medicaid Program that provides services to 1.5 million people.  Stephen Smith is the Deputy Commissioner and Director of TennCare.

- TennCare's Valid Factual Dispute Policy violates the Medicaid Act and Due Process by foreclosing the opportunity for enrollees to receive fair hearings to which they are entitled.

- TennCare's policy of denying good cause exceptions or hearings based on enrollee's allegations of non-receipt violates the Due Process Clause.

(Id.). Thereafter, the Court administratively closed the case and ordered the parties to mediate the question of an appropriate remedy. (Doc. No. 413). The parties engaged in six days of mediation but failed to amicably resolve the scope of remedial relief. (Doc. No. 426). The parties have moved to reopen the case and litigate the question of an appropriate remedy. (Doc. No. 420).

Because the parties engaged in multiple good faith attempts at mediation, the Court **GRANTS** their Joint Motion to Reopen the Case (Doc. No. 420). The Court enters the following scheduling order for the remedial phase of this litigation:

- **September 2, 2025**: Plaintiffs must file their proposed permanent injunction.

- **October 14, 2025**: Defendant must file a response detailing its position as to each element of Plaintiffs' proposed permanent injunction. If Defendant objects to any element (or portion thereof), it must explain the specific basis for such objection. For any objection based on the Defendant's claim of undue burden, Defendant must articulate the nature and extent of such burden with specificity. Without waiving its appellate rights on liability, Defendant must also file, as an exhibit, a copy of Plaintiffs' proposed permanent injunction that highlights those aspects of the proposed injunction that Defendant does not dispute.

- **December 5, 2025**: Defendant must disclose declarations from its witnesses to Plaintiffs, setting forth facts to which they could testify at the remedial hearing regarding the Plaintiffs' proposed injunctive relief.

- **December 5, 2025**: Defendant must produce all documents that it may offer at the remedial hearing.

- **December 8-19, 2025 (excluding weekends)**: Defendant will make its proposed witnesses available for deposition.

- **January 5, 2026**: Plaintiffs must disclose declarations from their witnesses, if any, setting forth facts to which they could testify at the remedial hearing in support of Plaintiffs' proposed injunctive relief.

- **January 5, 2026**: Plaintiffs must produce all documents that they may offer at the remedial hearing, if any.

- **January 12-23, 2026** (excluding weekends): Plaintiffs will make their proposed witnesses available for deposition.

- **March 2, 2026**: the parties must simultaneously file pre-hearing briefs (limited to 20 pages) and any proposed findings of fact and conclusions of law.

- **March 9-11, 2026**: the Court will hold a hearing on injunctive relief.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE