IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| A.M.C., by her next friend, C.D.C., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>STEPHEN SMITH, in his official capacity as Deputy Commissioner of Finance and Administration and Director of the Division of TennCare,<br><br>    Defendant. | Civil Action No. 3:20-cv-00240<br>Chief District Judge Crenshaw<br>Magistrate Judge Newbern |

## DEFENDANT'S MOTION TO DECERTIFY THE CLASS

Pursuant to Local Rule 7.01(a) and FED. R. CIV. PRO. 23 and for the reasons set forth in the accompanying memorandum, Defendant Stephen Smith respectfully moves this Court to decertify the Class and Disability Subclass it previously certified on August 9, 2022. Memorandum and Opinion (Doc. 234). Plaintiffs are opposed to this motion.

As the accompanying memorandum explores in detail, decertification is appropriate and necessary following the recently issued decision of the Sixth Circuit in *Speerly v. General Motors*, 143 F.4th 306, 315 (6th Cir. 2025) (en banc) clarifying the standard that must be met to meet the "commonality" requirement of Rule 23(a). *Speerly* requires that to establish the commonality required to sustain a class action, plaintiffs must pose a common question (or questions) answerable with a "yes" or "no" as to *every* member of the class. *Id.* at 316–19. And, it is not enough that there is some generally phrased question that is applicable to the entire class. *Id.* at 320. "A common question must 'resolve an issue that is central to the validity of each one of the claims.'" *Id.* at 317 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350). Determining

whether that is the case requires each cause of action asserted by purported class plaintiffs to be evaluated individually and for each case of action to be broken down by its elements to determine whether plaintiffs have shown common questions that "affect at least one element of all … claims." *Id.* at 317 (quotations omitted). And that question must be answerable with common evidence for all members of the purported class. *Id.*

None of the certified questions on which this Court found liability meet *Speerly*'s "stringent requirements." *Id.* at 315. Thus, under a straightforward application of the Sixth Circuit's recent en banc decision in *Speerly*, Plaintiffs' class must be decertified.

| | |
|---|---|
| September 9, 2025 | Respectfully submitted, |
| Jonathan Skrmetti<br>Attorney General and Reporter | /s/ Michael W. Kirk<br>Michael W. Kirk*<br>Nicole J. Moss* |
| Meredith W. Bowen TN BPR #34044<br>Assistant Attorney General<br>OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 20207<br>Nashville, TN 37202<br>meredith.bowen@ag.tn.gov | William Bergstrom*<br>Athanasia O. Livas**<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>(202) 220-9600<br>mkirk@cooperkirk.com<br>nmoss@cooperkirk.com<br>wbergstrom@cooperkirk.com<br>alivas@cooperkirk.com |
| | *Appearing *pro hac vice*<br>**Application for *pro hac vice* admission pending |

*Counsel for the Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's electronic filing system on this 9th day of September, 2025.

| | |
|---|---|
| Gordon G. Bonnyman, Jr.<br>Robert B. Harrell, Sr.<br>Michele M. Johnson<br>Vanessa M. Zapata<br>TENNESSEE JUSTICE CENTER<br>211 7th Avenue N., Ste. 100<br>Nashville, TN 37219<br><br>Jennifer M. Selendy<br>Faith E. Gay<br>Andrew R. Dunlap<br>Babak Ghafarzade<br>David A. Coon<br>Alvaro M. Cureno<br>Amy Nemetz<br>Laura M. King<br>SELENDY & GAY PLLC<br>1290 Avenue of the Americas<br>New York, NY 10104 | Jane Perkins<br>NATIONAL HEALTH LAW PROGRAM<br>200 N. Greensboro St., Ste. D-13<br>Carrboro, NC 27510<br><br>Elizabeth Edwards<br>Sarah Grusin<br>NATIONAL HEALTH LAW PROGRAM<br>1512 East Franklin St., Ste. 110<br>Chapel Hill, NC 27514<br><br>Gregory Lee Bass<br>NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE<br>275 Seventh Avenue, Suite 1506<br>New York, NY 10001 |

    /s/ Michael W. Kirk
    Michael W. Kirk