IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| A.M.C., by her next friend, C.D.C., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>STEPHEN SMITH, in his official capacity as Deputy Commissioner of Finance and Administration and Director of the Division of TennCare,<br><br>    Defendant. | Civil Action No. 3:20-cv-00240<br>Chief District Judge Crenshaw<br>Magistrate Judge Newbern |

### **DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' MEDICAID ACT CLAIMS**

Pursuant to Local Rule 7.01(a) and Federal Rule of Civil Procedure 54(b), for the reasons set forth in the accompanying memorandum, Defendant Stephen Smith respectfully moves the Court to reconsider its October 18, 2023, Order Denying Defendant's Motion for Summary Judgment (Doc. 357) ("Summary Judgment Order") and its August 26, 2024, Memorandum Opinion (Doc. 412) ("Opinion" or "Op.") to the extent that order and opinion hold that Plaintiffs have an individual right enforceable under 42 U.S.C. § 1983 for violations of the Medicaid Act and that the State is liable under 42 U.S.C. § 1983 for violations of the Medicaid Act. Plaintiffs oppose this motion.

As the accompanying memorandum explores in detail, reconsideration is appropriate and necessary because the U.S. Supreme Court recently held in *Medina* v. *Planned Parenthood S. Atl.*, 145 S. Ct. 2219 (2025), that the provision of the Medicaid Act upon which Plaintiffs rely, 42 U.S.C. § 1396a(a), (albeit discussing a different subsection of that provision) is not individually enforceable under § 1983. *Medina* v. *Planned Parenthood S. Atl.*, 145 S. Ct. at 2229. Because

under a straightforward application of *Medina* to the specific subsection of 42 U.S.C. § 1396a(a) at issue in this case, § 1396a(a)(3), it is now clear that Plaintiffs have no "right" based on that provision of the Medicaid Act that can be enforced through § 1983 and this Court's determination that the State is liable for violations of 42 U.S.C. § 1396a(a)(3) should be vacated and the Court should issue judgment as a matter of law for the State on the Medicaid Act claims.

| | |
|---|---|
| September 9, 2025 | Respectfully submitted, |
| Jonathan Skrmetti<br>Attorney General and Reporter | /s/ Michael W. Kirk<br>Michael W. Kirk*<br>Nicole J. Moss* |
| Meredith W. Bowen TN BPR #34044<br>Assistant Attorney General<br>OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 20207<br>Nashville, TN 37202<br>meredith.bowen@ag.tn.gov | William Bergstrom*<br>Athanasia O. Livas**<br><br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>(202) 220-9600<br>mkirk@cooperkirk.com<br>nmoss@cooperkirk.com<br><br>*Appearing *pro hac vice*<br>**Application for *pro hac vice* admission pending |

*Counsel for the Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's electronic filing system on this 9th day of September, 2025.

Gordon G. Bonnyman, Jr.
Robert B. Harrell, Sr.
Michele M. Johnson
Vanessa M. Zapata
TENNESSEE JUSTICE CENTER
211 7th Avenue N., Ste. 100
Nashville, TN 37219

Jennifer M. Selendy
Faith E. Gay
Andrew R. Dunlap
Babak Ghafarzade
David A. Coon
Alvaro M. Cureno
Amy Nemetz
Laura M. King
SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, NY 10104

Jane Perkins
NATIONAL HEALTH LAW PROGRAM
200 N. Greensboro St., Ste. D-13
Carrboro, NC 27510

Elizabeth Edwards
Sarah Grusin
NATIONAL HEALTH LAW PROGRAM
1512 East Franklin St., Ste. 110
Chapel Hill, NC 27514

Gregory Lee Bass
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001

/s/ Michael W. Kirk
Michael W. Kirk