IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

A.M.C., by her next friend, C.D.C., *et al.*,

    Plaintiffs,

v.

STEPHEN SMITH, in his official capacity as Deputy Commissioner of Finance and Administration and Director of the Division of TennCare,

    Defendant.

Civil Action No. 3:20-cv-00240
District Judge Crenshaw
Magistrate Judge Newbern

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' MEDICAID ACT CLAIMS**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................3
INTRODUCTION ...................................................................................................................4
PROCEDURAL BACKGROUND............................................................................................6
LEGAL STANDARD................................................................................................................8
ARGUMENT............................................................................................................................9
      I.     The Medicaid Act Provision on Which Plaintiffs Rely Confers No § 1983-Enforceable Rights under the Supreme Court's Decision in *Medina*......................9
      II.    *Medina* Abrogated the Sixth Circuit's Decision in *Gean*. .......................................13
      III.   The Court Should Reconsider Its Liability Findings that Were Based on Alleged Violations of the Medicaid Act...............................................................................16
CONCLUSION.......................................................................................................................18

# TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Al-Sadoon v. FISI\*Madison Fin. Corp.*,
   188 F. Supp. 2d 899 (M.D. Tenn. 2002) .................................................................. 8

*Armstrong v. Exceptional Child Center, Inc.*,
   575 U.S. 320 (2015) ................................................................................................ 13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 7

*Barry v. Lyon*,
   834 F.3d 706 (6th Cir. 2016) ........................................................................ 4, 6, 7, 13

*Bickerstaff v. Lucarelli*,
   830 F.3d 388 (6th Cir. 2016) ..................................................................................... 7

*Blessing v. Freestone*,
   520 U.S. 329 (1997) ................................................................................................ 13

*Caswell v. City of Detroit Hous. Comm'n*,
   418 F.3d 615 (6th Cir. 2005) ............................................................................... 5, 15

*Gean v. Hattaway*,
   330 F.3d 758 (6th Cir. 2003) ........................................................................ 4, 6, 7, 13

*Gonzaga University v. Doe*,
   536 U.S. 273 (2002) ................................................................................. 10, 11, 13, 14

*John Simmons Co. v. Grier Bros.*,
   258 U.S. 82 (1922) .................................................................................................... 8

*Johnson v. City of Detroit*,
   446 F.3d 614 (6th Cir. 2006) ............................................................................... 5, 15

*Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*,
   590 F.3d 381 (6th Cir. 2009) ..................................................................................... 8

*Mallory v. Eyrich*,
   922 F.2d 1273 (6th Cir. 1991) ................................................................................... 8

*Medina v. Planned Parenthood S. Atl.*,
   145 S. Ct. 2219 (2025) ...................................................... 4, 8, 9, 10, 11, 13, 14, 15

*Rodriguez v. Tennessee Laborers Health & Welfare Fund*,
   89 F. App'x 949 (6th Cir. 2004) ............................................................................ 7, 8

*United States v. Wehunt*,
   230 F. Supp. 3d 838 (E.D. Tenn. 2017) .................................................................. 12

*Wilder v. Va. Hosp. Ass'n*,
   496 U.S. 498 (1990) ................................................................................................ 13

**Statutes**

42 C.F.R.
  § 435.916(d)(1) ....................................................................................................................16
42 U.S.C.
  § 1396a(a)(3)...................................................................................................................4, 12
  § 1396a(a)(23)(A) .....................................................................................................9, 11, 12
  § 1396c........................................................................................................................10, 11
FED. R. CIV. P.
  12(b)(6) ..................................................................................................................................7
  54(b)......................................................................................................................................7

# INTRODUCTION

In June of this year, the Supreme Court reaffirmed that unless a federal statute "unambiguously confer[s] individual federal rights," a cause of action under § 1983 to enforce that statute cannot proceed. *Medina v. Planned Parenthood S. Atl.*, 145 S. Ct. 2219, 2233 (2025) (quoting *Health and Hosp. Corp. of Marion Cnty. v. Talevski,* 599 U.S. 166, 180 (2023)). Analyzing a subsection of the same Medicaid Act provision upon which Plaintiffs rely in this case, 42 U.S.C. § 1396a(a), the Court held that it does not create a right that is individually enforceable under § 1983. Based on this newly issued guidance from the Supreme Court, this Court should dismiss Plaintiffs' Medicaid Act claims based on 42 U.S.C. § 1396a(a)(3).

First, there are no significant distinctions between the subsection the Supreme Court held was unenforceable in *Medina*, 42 U.S.C. § 1396a(a)(23)(A), and the subsection that underlies all of Plaintiffs' Medicaid Act claims here, *Id.* § 1396a(a)(3). The plain text of 42 U.S.C. § 1396a(a)(3), under the reasoning of *Medina*, neither "clearly and unambiguously uses rights-creating terms" nor "display[s] an unmistakable focus on individuals like the plaintiff." *Medina*, 145 S. Ct. at 2244 (cleaned up). If anything, the language here provides even *less* reason to think there is an individually enforceable right than the language analyzed in *Medina*.

Second, the Sixth Circuit authorities upon which this Court previously relied to find a § 1983-enforceable right in the Medicaid Act—*Gean v. Hattaway*, 330 F.3d 758 (6th Cir. 2003) and *Barry v. Lyon*, 834 F.3d 706 (6th Cir. 2016)—are based on Supreme Court precedent that the *Medina* Court *explicitly rejected*. *See Medina*, 145 S. Ct. at 2234 ("Some lower court judges, including in this case, still consult *Wilder*, *Wright*, and *Blessing* when asking whether a spending-power statute creates an enforceable individual right. . . . They should not.").

# PROCEDURAL BACKGROUND

Plaintiffs filed an Amended Class Complaint on May 5, 2022, in which their first cause of action relies upon the due process provision of the Medicaid Act, 42 U.S.C. § 1396a(a)(3) and its implementing regulations. *See* Am. Compl. 122–23, Doc. 202. Plaintiffs sought relief "on this claim pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the deprivation of their federal statutory rights by persons acting under color of state law." *Id.*

On August 9, 2022, over the State's objections, the Court granted class certification under Rule 23(b) and certified fifteen issues or questions for collective litigation. *See* Mem. Op. & Order, Doc. 234 at 11–22. Of the fifteen certified issues, twelve explicitly or implicitly referenced whether the State was complying with its obligations under Section 1396a(a)(3) of the Medicaid Act and its implementing regulations – Certified Issue 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, and 13. *See* August 26, 2024, Mem. Op., Doc. 412, ("Opinion" or "Op.").

The State moved for summary judgment on July 10, 2023, on each of the twelve certified issues that implicated the Medicaid Act, arguing in part that Plaintiffs could not show a single Medicaid Act violation that gives rise to liability under 42 U.S.C. § 1983. *See* Mem. In Supp. of Mot. for Summ. Judg., Doc. 309 at 2–5. As the State noted in its briefing, Plaintiffs' argument that TennCare violates the Medicaid Act rests on a single provision of that statute, 42 U.S.C. § 1396a(a)(3), and this general provision does not create rights enforceable through Section 1983. The State further argued that to the extent Plaintiffs' claims rest on alleged violations of the Medicaid Act's implementing regulations, the regulations cannot create rights enforceable through Section 1983 and thus are irrelevant. *Johnson v. City of Detroit*, 446 F.3d 614, 628–29 (6th Cir. 2006); *Caswell v. City of Detroit Hous. Comm'n*, 418 F.3d 615 (6th Cir. 2005).

The Court denied the State's Motion for Summary Judgment. *See* October 18, 2023, Mem. Op. & Order, Doc. 357. The Court did not address the State's argument that the single Medicaid Act provision at issue and that provision's implementing regulations do not create rights enforceable through § 1983, reserving the right to address each certified question fully in its opinion at trial. *Id.* at 4.

Following a bench trial, the Court then issued an opinion on each of the certified issues that were based, at least in part, on the Medicaid Act and concluded that TennCare violated the Medicaid Act with respect to Certified Issues 1, 2, 3, 9, and 12. Doc. 412 at 6-7.[1] Thus this motion pertains specifically to the following Certified Issues:

- Whether the State considers/considered all categories of eligibility and bases of eligibility before terminating enrollees' coverage, ("Certified Issue 1");

- Whether TennCare Notices of Determination ("NODs") mislead/misled recipients to think that TennCare considers/considered all bases of eligibility, all program rules, and all facts in determining eligibility ("Certified Issue 2");

- Whether the NODs' citation to a 95-page compendium of TennCare regulations, Chapter 1200-13-20, satisfies and/or satisfied the notice requirements of 42 U.S.C. § 1396a(a)(3) and/or the Due Process Clause, ("Certified Issue 3");

- Whether the State's Valid Factual Dispute Policy ("VFD Policy") violates/violated the Medicaid Act or the Due Process Clause, ("Certified Issue 9");

- Whether the State systematically fails/failed to provide fair hearings at any time, ("Certified Issue 12").

The Court rejected the State's argument that 42 U.S.C. § 1396a(a)(3) does not contain an individually enforceable right under § 1983 citing *Barry v. Lyon*, 834 F.3d 706, 716–17 (6th Cir.

---

[1] For Certified Issues 6, 7, and 11, while the Court found against the State, it did so solely on due process grounds not based on the Medicaid Act. Thus, while the State respectfully disagrees with that decision and reserves all rights to appeal those liability findings at the appropriate time, the Court's reasoning with respect to Certified Issues 6, 7, and 11 is not at issue in this motion. Likewise, because the Court found no liability with respect to Certified Issues 4, 8, and 13, the motion does not pertain to those Certified Issues either.

2016), and *Gean v. Hattaway*, 330 F.3d 758, 773 (6th Cir. 2003), for the proposition that the Sixth Circuit already concluded that 42 U.S.C. § 1396a(a)(3) "creates an enforceable right under § 1983." Doc. 412 at 96. Likewise, the Court dismissed the State's argument that regulations cannot themselves create enforceable rights by relying on the proposition that the regulations merely "flesh out the content of the statutory right" that the Court found existed in the Medicaid Act citing *Shakhnes v. Berlin*, 689 F.3d 244, 254 (2d Cir. 2012). Doc. 412 at 96.

The Court later clarified that "[n]either the Memorandum Opinion nor the Order entered on August 26, 2024, (Doc. No. 412 and Doc. No. 413) are final judgments," and that "the Court retains jurisdiction of this case . . . until the Court enters a final judgment in this matter." Agreed Order Granting Mot. to Alter or Amend J. 1, Doc. 416.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where the complaint "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss" under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where Plaintiffs lack a cause of action, their claims cannot survive a Rule 12(b)(6) motion to dismiss because they lack a "viable legal theory" on which recovery can be sustained. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (quoting *Weisbarth v. Geauga Park Dist.,* 499 F. 3d 538, 541 (6th Cir. 2007)).

Federal Rule of Civil Procedure 54(b) permits a district court to "revise[] at any time" any non-final order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." FED. R. CIV. P. 54(b); *see also Rodriguez* v. *Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (explaining that Rule 54(b) provides authority in

addition to a district court's inherent power). Further, "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47–48 (1943)); *see also John Simmons Co. v. Grier Bros.*, 258 U.S. 82, 88 (1922) ("If it be only interlocutory, the court at any time before final decree may modify or rescind it."). Thus, this Court has "authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment," and may grant "such relief from [interlocutory orders] as justice requires." *Rodriguez*, 89 F. App'x at 959 (brackets in original). In this Circuit, courts may reconsider prior rulings where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citation omitted). This Court has recognized too that "an intervening change in controlling law" may constitute "valid grounds for reconsideration." *Al-Sadoon v. FISI*Madison Fin. Corp.*, 188 F. Supp. 2d 899, 901–02 (M.D. Tenn. 2002).

Whether considered as a motion to reconsider or pursuant to the Court's inherent authority, the central inquiry hinges on whether Plaintiffs can maintain a cause of action for alleged violations of the Medicaid Act provision found at 42 U.S.C. § 1396a(a)(3) under § 1983 following the Supreme Court's decision in *Medina* v. *Planned Parenthood S. Atl.*, 145 S. Ct. 2219, 2229 (2025). As is explained below, Plaintiffs cannot.

## ARGUMENT

### I. The Medicaid Act Provision on Which Plaintiffs Rely Confers No § 1983-Enforceable Rights under the Supreme Court's Decision in *Medina*.

In *Medina*, the Supreme Court addressed 42 U.S.C. § 1396a(a)(23)(A) (the "Any Qualified Provider Provision" of the Medicaid Act), which "indicates that State Medicaid plans must

9

'provide that ... any individual eligible for medical assistance (including drugs) may obtain such assistance from any institution, agency, community pharmacy, or person, qualified to perform the services or services required … who undertakes to provide him such services." *Medina*, 145 S. Ct. at 2234–5 (quoting 42 U.S.C. § 1396a(a)(23)(A)) (ellipses in *Medina*). The plaintiffs argued that this language created an individual right enforceable by private litigants suing under § 1983, such that a South Carolina law that prohibited Planned Parenthood from participating as a provider in the state's Medicaid program could be challenged by private litigants who would, if they were allowed, select Planned Parenthood as their Medicaid provider. The Court explained that not every statute that creates a "benefit" or "interest" creates an enforceable "right[], privilege[], or immunit[y]" in the recipient of the benefit. *Id.* at 2229. According to the Court, in order for a statute to create an enforceable right, a plaintiff is required to show: (1) "that the law in question 'clear[ly] and unambiguous[ly]' uses 'rights-creating terms,'" (2) that the statute "display[s] 'an unmistakable focus' on individuals like the plaintiff," and (3) even if those previous requirements are met, "a § 1983 action still may not be available if Congress has displaced § 1983's general cause of action with a more specific remedy." *Id.* (citing *Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 120 (2005)).

Applying that analysis to the "Any Qualified Provider Provision," the Court concluded that it was not enforceable under § 1983, and in doing so, it removed the legal basis for the Sixth Circuit's contrary conclusion with respect to § 1396a(a)(3)'s "Fair Hearing Provision" on which the Plaintiffs exclusively based their Medicaid Act claims in this case.

The first thing the *Medina* Court considered was the type of statute at issue, which is the same in this case as in *Medina*: a "spending-power statute." The Court made clear that the conclusion that a statute confers an enforceable right should be "rare enough" in any event, but is

"especially unlikely" when the statute in question is a "spending-power statute[] like Medicaid." *Id*. at 2230. For such statutes, the "'typical remedy' is not a private enforcement suit 'but rather action by the Federal Government to terminate funds to the State.'" *Id*. at 2228 (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280 (2002)).

With that background in mind, the *Medina* Court held that the "Any Qualified Provider Provision" did not confer an enforceable right. **First**, the Court noted that although the Medicaid Act imposes requirements on a state as a condition of participating in Medicaid and those requirements are intended "to benefit both providers and patients," that was not sufficient because the provision at issue lacked "clear and unambiguous 'rights-creating language.'" *Id.* at 2235 (quoting *Talevski,* 599 U.S. at 186). Indeed, the Court found it would have been difficult to read the language in the Any Qualified Provider Provision as creating a right enforceable against the State given that the language of the provision permitted the State to determine the ultimate scope of the benefit conferred. *Id.*

**Second**, the Court looked to statutory context and found "similar clues" there, indicating the language was not unambiguously intended to confer an individually enforceable right. *Id.* For instance, the statute does not require strict compliance with the "Any Qualified Provider Provision," but merely demands that a state "comply substantially" with it. *Id.*; 42 U.S.C. § 1396c. Furthermore, the Court questioned the provision's location within the broader statutory structure. "It appears in a subsection titled 'Contents.' That subsection outlines scores of things a state plan must include to qualify for federal funding," and those requirements are all "directed to the Secretary of Health and Human Services who must approve any plan that meets them." *Medina*, 145 S. Ct. at 2236. These factors, the Court concluded, lead to the conclusion that the statutory

context would not likely have "alert[ed] grantees that accepting federal funds comes with a duty to answer private suits." *Id.*

**Third**, the Court reasoned that given the large number of obligations placed on a state program in the same subsection, treating one obligation as enforceable would likely lead to the conclusion that they *all* (or at least those that used similar "mandatory terms") are enforceable—a conclusion that would lead, the Court reasoned to "rights-creating provisions …. more nearly becom[ing] the rule" rather than the "'atypical' exceptions" that the Court has cautioned they must be. *Id.*

Each of those three concerns weigh at least as strongly, if not more strongly, against treating the "Fair Hearing Provision" at issue in this case as enforceable. Taking them in reverse order, the second and third factors influencing the Court's decision in *Medina* are precisely the same here. Just as finding a right in 42 U.S.C. §1396a(a)(23)(A) would by contrary to the atypical exception principle, so too would finding such a right in §1396a(a)(3). The "Fair Hearing Provision" is part of the same "Contents" subsection of the statute laying out items state plans for medical assistance must contain to receive funding, and the Fair Hearing Provision is subject to the same "comply substantially" standard as the provision at issue in *Medina*. *See* 42 U.S.C. § 1396c; *see also Medina*, 145 S. Ct. at 2235 ("[F]ocus on 'aggregate' compliance suggests that a statute addresses a State's obligation to the federal government, not the rights of 'any particular person.'" (quoting *Gonzaga*, 536 U.S. at 288)).

As for the first factor, the language in the "Fair Hearing Provision" is even less amenable to a reading that it unambiguously created rights than the Any Qualified Provider Provision at issue in *Medina*. Contrast, for example, the straightforward command that a plan "must provide that any individual eligible for medical assistance may obtain such assistance from any institution

12

… qualified to perform the service," 42 U.S.C. § 1396a(a)(23)(A) (cleaned up), with the Fair Hearing Provision's much less direct requirement that a plan "must provide for granting an opportunity for a fair hearing before the State agency," *id.* § 1396a(a)(3). Even granting that the first language is mandatory of *something*, the Fair Hearing Provision does not even require granting a fair hearing, but merely requires a state plan to "provide for granting an opportunity" for one, language that implies that a fair hearing may be denied (and therefore, is not a "right") in at least some cases. The Fair Hearing Provision, therefore, under a straightforward application of *Medina*, cannot be enforced through Section 1983.

## II. *Medina* Abrogated the Sixth Circuit's Decision in *Gean*.

While this Court must ordinarily follow Sixth Circuit precedent, where "an intervening decision of [the Supreme Court] directly reverses an opinion of the Sixth Circuit or implicitly reverses it through a case with indistinguishable facts" the district court has an obligation to follow the intervening Supreme Court decision *United States v. Wehunt*, 230 F. Supp. 3d 838, 846 (E.D. Tenn. 2017). Indeed, even if neither of those situations obtain, this Court should still deviate from Sixth Circuit precedent if it is "powerfully convinced that the circuit will overrule itself at the next available opportunity." *Id.* (quoting *In re Higgins,* 159 B.R. 212, 216 (S.D. Ohio 1993)). And while such "*sub silentio* overruling of a Court of Appeals decision by a Supreme Court case resting on different facts is a rare occurrence," it will nevertheless be the case if this Court is convinced that the Sixth Circuit would interpret intervening Supreme Court precedent as invalidating its prior case. *Id.* Here, as discussed above, the facts of this case are indistinguishable from those of *Medina* and so *Medina* must be followed as a binding decision of the Supreme Court. And even if this Court were not persuaded of that fact, as discussed below, the Sixth Circuit's basis for finding the

Fair Hearing Provision enforceable is so contradictory to *Medina* that it is clear that the Sixth Circuit would reconsider *Gean* when presented with the opportunity to do so.

In its previous opinion concluding that that Section 1396a(a)(3) of the Medicaid Act "creates an enforceable right under § 1983," Doc. 412 at 95–96, this Court relied upon the Sixth Circuit's decision in *Gean v. Hattaway*, 330 F.3d 758, 773 (6th Cir. 2003).[2] But the *Gean* court based its analysis of whether the fair hearing provision of the Medicaid Act creates an enforceable right upon the decisions in *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498 (1990), and *Blessing v. Freestone*, 520 U.S. 329 (1997), both of which the Supreme Court in *Medina* specifically held were "repudiated" by the Supreme Court's decisions in *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 330 (2015), and *Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002), and the Court expressly instructed the lower courts not to rely upon them. *Medina*, 145 S. Ct. at 2234.

In *Gean* the Sixth Circuit relied upon *Wilder* to find that 42 U.S.C. § 1396(a)(3) creates a § 1983-enforceable right because it laid out a "binding obligation [] 'intended to benefit a putative plaintiff' . . . it is proper for those affected by that obligation to bring a suit for its breach under § 1983." 330 F.3d at 772 (quoting *Wilder*, 496 U.S. at 509) (cleaned up). *Medina* rejected that reasoning specifically. It acknowledged that "[s]ome lower court judges, including in this case, still consult *Wilder*" which "suggested that spending-power legislation can give rise to an

---

[2] The Court also cited *Barry v. Lyon*, 834 F. 3d 706, 717 (6th Cir. 2016), but that decision involved a provision of the SNAP Act, not Section 1396a(a)(3) of the Medicaid Act. In any case, its analysis entirely rested on *Gean*, as the Court concluded it "need only note that we have held a virtually identical provision of the Medicaid Act creates a privately enforceable right" to hold that the "same analysis of the [Supplemental Nutrition Assistance Program ('SNAP')] statutes in this case obviously leads to the same result, *i.e.*, that the plaintiffs and similarly situated SNAP beneficiaries possess the right of private enforcement . . . ." *Id.* at 716–17. Accordingly, to the extent it even applies, *Barry* is superseded by *Medina* for the same reasons as *Gean* is.

enforceable right under § 1983 so long as the legislation is 'intended to benefit the putative plaintiff,'" but it made clear they "should not." *Medina*, 145 S. Ct. at 2233–34.

*Medina* has now made clear that *Wilder* and *Blessing* were progeny of an earlier, aberrant line of doctrine and should not be relied upon. *Id.* at 2233–34. Indeed, in distinguishing *Wilder's* incorrect analysis for determining whether spending-power legislation gives rise to an enforceable right under § 1983, the Court quoted and rejected the very language from *Wilder* that *Gean* relied upon, making clear that the correct analysis is not whether "spending-power legislation can give rise to an enforceable right under § 1983 so long as the legislation is 'intended to benefit the putative plaintiff' and the plaintiff's interest in the statute is not 'too vague and amorphous,'" but *Gonzaga*'s far more demanding standard "of an unambiguously conferred right." *Id.* at 2233–34 (quoting *Gonzaga*, 536 U.S. at 283). The Court also called out *Blessing*'s "three-factor test for recognizing new privately enforceable rights" by name. *Id.* at 2233. Because lower-court judges "should not" consult *Wilder* and *Blessing* "when asking whether a spending-power statute creates an enforceable individual right," the Court's reliance upon *Gean*, which explicitly relied on these repudiated precedents, is misplaced. *Id.* at 2234. Because 42 U.S.C. § 1396a(a)(3) creates no such "unambiguously conferred right," Plaintiffs lack a cause of action to enforce the Medicaid Act and the Court should reconsider its decision allowing those Medicaid Act claims and its decision finding the State is liable for alleged violations of the Medicaid Act.

It also necessarily follows that if 42 U.S.C. § 1396a(a)(3) does not create an "unambiguously conferred right," the Court should reconsider its prior conclusion that the federal regulations upon which Plaintiffs relied were relevant "as they 'flesh out the content of the statutory right.'" Doc. 412 at 96 (quoting *Shakhnes v. Berlin*, 689 F.3d 244, 254 (2d Cir. 2012)). Continued reliance on *Shakhnes* (an out of circuit opinion) is also inappropriate following the

decision in *Medina* because the *Shakhnes* court relied upon the now repudiated logic of *Wright v. Roanoke Redevelopment and Housing Authority*, 479 U.S. 418 (1987). *See Medina*, 145 S. Ct. at 2233–34. In short, because the reasoning of *Medina* does not permit rights to be "fleshed out" by regulations but requires those rights to be clearly and unambiguously found in the statute itself, a requirement that 42 U.S.C. § 1396a(a)(3) fails, the long-recognized position of the Sixth Circuit that regulations alone cannot create enforceable rights controls. *Johnson*, 446 F.3d at 628–29; *Caswell*, 418 F.3d at 619.

### III. The Court Should Reconsider Its Liability Findings that Were Based on Alleged Violations of the Medicaid Act

The Court must, in light of the above, grant judgment to the State on all of Plaintiffs' claims to the extent that they are based on violations of the Medicaid Act.

That means that as to Certified Issues 3, 9, and 12, where the Court found that TennCare violated the Medicaid Act and Due Process, Doc. 412 at 7, the Court must clarify that any liability findings stem solely from alleged violations of the Due Process clause not the Medicaid Act. For Certified Issues 1 and 2, where the Court did not specify in terms whether its liability findings were based on the Medicaid Act or Due Process, *id.* at 88–93, the best reading of the Court's liability opinion and class certification opinion is that these questions and the Court's findings of liability are in fact based on alleged violations of the Medicaid Act and its implementing regulations, and thus, those liability findings must be reconsidered in light of *Medina*.

Certified Issues 1 and 2 stem directly from the Court's conclusion that "TennCare must administer benefits within the boundaries set by the Medicaid Act and its implementing regulations" and its specific citation to 42 C.F.R. § 435.916, which requires that TennCare "'consider all bases of eligibility.'" Mem. Op. & Order, Doc. 234 at 5–6. *Compare* Certified Issue 1 ("Whether the State considers/considered all categories of eligibility and bases of eligibility

before terminating enrollees' coverage") *with* 42 C.F.R. § 435.916(d)(1). Indeed, in certifying Issue 1 for class wide resolution on the grounds that "[a]nswering this question clearly will advance the litigation," the Court noted that "[o]ne of Plaintiffs' claims is that TennCare fails its duty to 'consider all bases of eligibility' for enrollees before 'making determinations of ineligibility,'" again citing to 42. C.F.R. § 435.916. Doc. 234 at 14. The Court tied Certified Issue 2 to this regulation as well, by stating that "a related question the class may litigate does concern the NOD (namely, whether TennCare's NODs unlawfully misled recipients to think TennCare has considered all bases of eligibility, program rules, and all facts for their recipients)." *Id.* at 14 n.7.

Because Certified Issues 1 and 2 directly tied to the Medicaid Act and one of its implementing regulations, not the Due Process clause, following *Medina,* any claims Plaintiffs made that those two issues sought to advance are not enforceable under § 1983 and the Court should reconsider its liability findings related to those two issues and should not permit Plaintiffs to seek any injunctive or declaratory relief that stems for any liability findings related to those two issues.

## CONCLUSION

Because 42 U.S.C. § 1396a(a)(3) does not confer a § 1983-enforceable right under the Supreme Court's recent precedent in *Medina*, Defendant respectfully submits that the Court should dismiss Plaintiffs' claims under the Medicaid Act.

Dated: September 9, 2025              Respectfully submitted,

Jonathan Skrmetti                     /s/ Michael W. Kirk
Attorney General and Reporter         Michael W. Kirk*
Meredith W. Bowen, TN BPR #34044      Nicole J. Moss*
Assistant Attorney General            William Bergstrom*
OFFICE OF THE ATTORNEY GENERAL        COOPER & KIRK, PLLC
P.O. Box 20207                        1523 New Hampshire Avenue, NW
Nashville, TN 37202-0207              Washington, D.C. 20036
(615) 741-1366                        (202) 220-9600

(615) 741-8726  
meredith.bowen@ag.tn.gov

mkirk@cooperkirk.com  
nmoss@cooperkirk.com  
wbergstrom@cooperkirk.com

*Appearing *pro hac vice*

*Counsel for the Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's electronic filing system on this 9th day of September, 2025.

Gordon G. Bonnyman, Jr.
Robert B. Harrell, Sr.
Michele M. Johnson
Vanessa M. Zapata
TENNESSEE JUSTICE CENTER
211 7th Avenue N., Ste. 100
Nashville, TN 37219

Jennifer M. Selendy
Faith E. Gay
Andrew R. Dunlap
Babak Ghafarzade
David A. Coon
Alvaro M. Cureno
Amy Nemetz
Laura M. King
SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, NY 10104

Jane Perkins
NATIONAL HEALTH LAW PROGRAM
200 N. Greensboro St., Ste. D-13
Carrboro, NC 27510

Elizabeth Edwards
Sarah Grusin
NATIONAL HEALTH LAW PROGRAM
1512 East Franklin St., Ste. 110
Chapel Hill, NC 27514

Gregory Lee Bass
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001

/s/ Michael W. Kirk
Michael W. Kirk
*Counsel for the Defendant*